Ernest Harrison, alias Ernest Harris, v. The State.

No. 2513.   Decided June 18, 1913.

Rehearing denied June 27, 1913.

**Murder—Statement of Facts—Bills of Exception.**

Where the statement of facts and bills of exception are not filed within time, the same could not be considered on appeal, however, if such statement be considered, there was no error in defendant's conviction of murder in the first degree and assessing the death penalty.

Appeal from the District Court of Tarrant.   Tried below before the Hon. R. H. Buck.

Appeal from a conviction of murder in the first degree; penalty, death. The opinion states the case.

*G. R. Lipscomb,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was indicted for murder in attempted robbery.   He was convicted of murder in the first degree and the death penalty inflicted.

This is a companion case with that of Paul Fowler, which we decided June 11th inst.   The cases are as much alike as two cases could possibly be:   The appellant and said Fowler were together and acted together in the attempted robbery and murder.

The motion for new trial was heard and overruled in this as in the Fowler case on August 26, 1912.   The only order of the court extending the time beyond thirty days allowed by law for filing bills of exceptions was made and entered on August 26, 1912, the same day on which the motion for a new trial was overruled.   That order grants thirty days additional time to prepare and file bills of exceptions.   The law allowed thirty days only for filing bills of exceptions.   The utmost time, therefore, allowed by this order was thirty days additional, which would be sixty days from August 26, 1912.   October 25th, therefore, was the latest date authorized by this order to file bills of exceptions.   They were not filed until November 21st, twenty-seven days too late.   The statement of facts was not filed until November 29th, the same day on which the statement of facts in the Paul Fowler case was filed.

It is useless to discuss any of the questions attempted to be raised in this case, because such of them as could be considered were discussed and decided in the Fowler case.

As the death penalty was inflicted in this as in the Fowler case, notwithstanding we could not consider the statement of facts, we have carefully read what is filed as such statement.   Even if we could consider it, in our opinion, it unquestionably and without doubt clearly

shows the guilt of the appellant and authorized the jury to convict him and inflict the death penalty.

The judgment herein will be affirmed.

*Affirmed.*

[Rehearing denied June 27, 1913.—Reporter.]